**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ROBERT MIDDIEN**, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**VOLVO CARS OF NORTH AMERICA, LLC, et al.**,<br><br>Defendants. | Civil Action No. 2:18-cv-3760 (CCC)<br><br>**OPINION AND ORDER** |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff Robert Middien ("Plaintiff" or "Mr. Middien") and Intervenors Fredrick Scott Levine and Douglas W. Murphy ("Intervenors" or "New Proposed Class Representatives") for leave to intervene and to file an Amended Complaint [ECF No. 61]. Defendants Volvo Cars of North America, LLC and Volvo Car USA, LLC (collectively "Defendants") oppose the motion [ECF No. 62]. For the reasons set forth below, the motion by Plaintiff and the New Proposed Class Representatives to intervene and to file an Amended Complaint [ECF. No. 61] is **GRANTED.**

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Mr. Middien initiated this action by filing a Complaint on March 19, 2018. ECF No. 1. Mr. Middien's claims are based on allegations that Defendants promised purchasers of certain Volvo XC90s that Android Auto—a technology developed by Google that integrates certain functions of Android cellphones in an interactive, touch display in the vehicle—would be included on all 2016 and 2017 XC90s; however, certain XC90s were not compatible with Android Auto. *See* ECF No. 1. Mr. Middien asserted claims against Defendants under the New Jersey Consumer Fraud Act

1

("NJCFA"), § 56:8-2, *et seq.* and under N.J. Stat. § 12A:2-313(b) for breach of express warranty on behalf of himself and a proposed nationwide class of purchasers of non-compatible XC90s. *See id.* Mr. Middien also asserted claims under the Massachusetts consumer protection statute and Massachusetts express warranty statute on behalf of himself and a proposed Massachusetts class of purchasers. *See id.*

On June 15, 2018, Defendants filed a motion to dismiss the Complaint. *See* ECF Nos. 13, 14. Defendants asserted numerous grounds for dismissal including, as relevant to the discussion herein, that this Court lacks subject matter jurisdiction to adjudicate this case because Mr. Middien lacks standing to pursue any of his claims. *See* Dkt. No. 13. Defendants made two primary arguments with respect to standing: 1) Mr. Middien cannot assert claims, individually or on behalf of a nationwide class, under the NJCFA as a non-resident of New Jersey, and 2) Mr. Middien has not suffered an "injury" because Mr. Middien's vehicle was compatible with Android Auto as Volvo introduced an installation kit to support Android Auto (the "Kit") prior to the initiation of this lawsuit. *See id.* at pp. 9-15, 23-28.

While the motion to dismiss remained pending, the Court issued a Pretrial Scheduling Order. *See* ECF No. 38. Thereafter, Mr. Middien communicated to his class counsel that he no longer wished to serve as a class representative. *See* ECF No. 44. On June 18, 2019, the Court granted leave for Plaintiff to file a motion to amend to add new Plaintiffs. ECF No. 57. Plaintiff and the New Proposed Class Representatives filed the present motion to intervene and amend on July 26, 2019. ECF No. 61. The proposed Amended Complaint is also based on Defendants' alleged promise that Android Auto would be included on all 2016 and 2017 XC90s, but certain XC90s were not compatible; however, proposed amendments include replacing Mr. Middien with the New Proposed Class Representatives as Plaintiffs, additional allegations with respect to the

2

Kit that was subsequently introduced by Volvo, amending the Class Allegations from identifying a "Massachusetts Class" to identifying a "Florida Class," and amending Count II and Count IV to identify Florida consumer protection and warranty statutes as opposed to Massachusetts statutes. *See* ECF No. 61-2.

## II. DISCUSSION

### A. Motion to Intervene

Pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." The decision to grant permissive intervention is "completely discretionary" with the Court. *Granillo v. FCA US LLC*, No. 16-153, 2018 WL 4676057, at *11 (D.N.J. Sept. 28, 2018). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Furthermore, permissive intervention involves practical considerations. *See*, *e.g.*, *McKay v. Heyison*, 614 F.2d 899, 907 (3d Cir.1980) (noting the example that a district court may hear the case of an intervenor where the main case lacked jurisdiction if the intervening party may have a basis for jurisdiction and this would avoid the unnecessary expense and delay of a new suit).

Defendants oppose the intervention of the New Proposed Class Representatives for two reasons. First, Defendants contend that intervention is inappropriate where the original Plaintiff's claims are jurisdictionally defective, and they claim Mr. Middien's original Complaint suffers from such a defect. ECF No. 62 at pp. 8-13. Defendants argue, as they did in their motion to dismiss, that Mr. Middien lacks standing to bring his claims because 1) his vehicle—with the installation of the Kit—is compatible with Android Auto so he does not suffer an injury sufficient for Article III standing and 2) he cannot assert a claim and represent a class of consumers under

the NJCFA as an out-of-state plaintiff. ECF No. 62 at pp. 10-11. According to Defendants, because Mr. Middien lacks standing, this court does not have jurisdiction to adjudicate this case.

Defendants rely on the established principle that "intervention is not a device to 'breathe life into a "non-existent" lawsuit'" in support of their position. *Id.* at p. 9 (quoting *Lusardi v. Xerox Corp.*, No. 83-809, 1991 WL 349858, at *4 (D.N.J. Sept. 30, 1991)). In *Lusardi*, the Court had issued a decertification order, which became a final order in the action once the named individual plaintiffs settled their claims. 1991 WL 349858, at *4. Thus, there was no longer a live case or controversy before the Court into which other members of the decertified class could intervene. *Id.* In the present matter, there has been no final determination on the certification of the named class in the operative Complaint—unlike *Lusardi*—nor has there been a final determination on the merits of the viability of Plaintiff's claims or standing. Thus, because there remains a live case before this Court, it appears to the Court that Defendants' arguments with respect to standing would require legal determinations better suited for a motion to dismiss. Accordingly, the Court declines to find at this juncture that intervention is inappropriate.

Next, Defendants argue that intervention is inappropriate because the New Proposed Class Representatives are not part of a certifiable class articulated in the original Complaint and pursue new futile claims, which would prejudice the Defendants. ECF No. 62 at pp. 13-15. Defendants reiterate that there can be no "nationwide" class under NJCFA because the New Proposed Class Representatives are also not residents of New Jersey. *Id.* at p. 13. Defendants contend that they would therefore face prejudice in briefing the same issues with respect to standing for new plaintiffs. *Id* at p. 15. Defendants also claim they will face prejudice because the Intervenors seek to assert new statutory claims and represent a proposed Florida Class rather than a proposed Massachusetts Class as the original Complaint did, thereby changing the nature of this case. *Id.* at

4

p. 14. Plaintiff, however, counters that the permissive intervention standard does not require claims to be virtually identical, but rather that the intervenor have "a claim or defense that shares with the main action a common question of law or **fact**." ECF No. 64 at p. 10 (emphasis in original). Here, Plaintiff argues that the New Proposed Class Representatives' statutory claims and proposed Florida Class are based on the same alleged factual predicate that certain XC90s represented to be compatible with Android Auto as sold were not compatible with Android Auto. *Id* at p. 12. Furthermore, Plaintiff notes that the proposed Florida statutory claims also arise under consumer protection laws similar to the Massachusetts consumer protection laws pled in the original Complaint. *Id.* at pp. 11-12.

The Court agrees with Plaintiff. While the New Proposed Class Representatives have proposed a new class with new statutory claims, the same alleged facts, *i.e.*, that Volvo represented all XC90s were compatible with Android Auto when certain XC90s were not, underly these new claims. Thus, the Court does not find the amendments to be unduly prejudicial to Defendants as they are not defending against new facts and theories of the case.

The Court is also cognizant of practical considerations with respect to this lawsuit. The New Proposed Class Representatives have initiated a separate action in this District, *Levine, et al. v. Volvo Cars of North America, LLC, et al.*, No. 2:19-cv-19821; however, they have represented to the Court that they will dismiss No. 2:19-cv-19821 if the motion to intervene is granted in this action. *See* ECF No. 65. Should the New Proposed Class Representatives pursue this new complaint, Defendants will likely be in the same position as they are currently: briefing issues with respect to standing for the New Proposed Class Representatives. To avoid the further expense and delay associated with a new lawsuit, the Court finds that granting the motion to intervene in this

action would also best serve judicial economy. *See McKay*, 614 F.2d at 907. Based on the foregoing, the New Proposed Class Representatives' motion for leave to intervene is **GRANTED**.

**B. Motion to Amend**

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.,* 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, Courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In addition, "[t]he Third Circuit has consistently emphasized the liberal approach to pleading embodied by Rule 15." *Endo Pharma v. Mylan Techs Inc.*, 2013 U.S. Dist. LEXIS 32931, at *4 (D. Del. Mar. 11, 2013). The Court should only deny leave when these factors "suggest that amendment would be 'unjust'. . .." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

Defendants argue that the proposed amendments should be rejected because they are futile. An amendment will be considered futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (citations omitted). In determining whether an amendment is insufficient on its face, the Court employs the same standard as in a Rule 12(b)(6) motion to dismiss. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). Under a Rule

12(b)(6) analysis, the question is not whether the movant will ultimately prevail, and detailed factual allegations are not necessary to survive such a motion. *Antoine v. KPMG Corp.,* 2010 WL 147928, at *6 (D.N.J. Jan. 6, 2010). If a proposed amendment is not clearly futile, then denial of leave to amend is improper. *Meadows v. Hudson County Bd. of Elections,* 2006 WL 2482956, at *3 (D.N.J. Aug. 24, 2006).

First, Defendants contend that Plaintiff's proposed amendments are futile because, like Mr. Middien, the New Proposed Class Representatives cannot assert a claim under the NJCFA. ECF No. 62 at pp. 17-18. According to Defendants, courts routinely hold that consumer fraud claims are governed by the law of the plaintiff's home state, and those that are not residents of New Jersey cannot assert claims under the NJCFA. *Id.* Since the New Proposed Class Representatives are not residents of New Jersey, Defendants argue that the proposed amendments are futile.

Next, Defendants argue that Plaintiff's proposed amendments are futile because the claims repeat the same deficiencies in Mr. Middien's original Complaint identified by Defendants in their motion to dismiss. ECF No. 62 at p. 19. In addition to issues with standing, Defendants contend that the claims for consumer fraud and breach of warranty fail to state actionable claims. *Id.*

While Defendants may be correct in their assertions regarding the viability of Plaintiff's proposed claims, it appears to the Court that a ruling on Defendants' futility arguments in the context of the present motion would require legal determinations better suited for a motion to dismiss. Accordingly, the Court declines to find at this juncture that Plaintiff's proposed amendments are clearly futile. Based on the foregoing, Plaintiff's motion for leave to file an Amended Complaint is **GRANTED**.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this **24th** day of **February, 2020**,

**ORDERED** that Plaintiff and the New Proposed Class Representatives' motion for leave to intervene and to file an Amended Complaint [ECF No. 61] is **GRANTED;** and it is further

**ORDERED** that Plaintiff and the New Proposed Class Representatives file their Amended Complaint within **seven (7) days** from the date of this Order.

                                              s/ James B. Clark, III
                                              **JAMES B. CLARK, III**
                                              **United States Magistrate Judge**